CALDWELL & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43708.   Promulgated August 12, 1932.

*Benjamin Weiner*, *Esq.*, *Arthur Rothstein*, *Esq.*, and *Herman Goldman*, *Esq.*, for the petitioner.

*F. K. Slanker*, *Esq.*, for the respondent.

OPINION.

LEECH: The tax liability in connection with which the legal fees here sought to be deducted were paid was that of the original partnership of Caldwell & Company for the year 1917, during which a partnership was a taxable entity. The evidence shows clearly that the second partnership, composed of Rademan and Fowler, assumed the liability for two-thirds of any tax liability of the prior partnership for 1917 and that petitioner assumed such liability as one existing on June 30, 1919, as a part of the consideration for its acquisition of the assets of the second partnership.

It is clear that if petitioner's liability was limited to the reimbursement of Rademan and Fowler to the extent of additional taxes the latter were required to pay for 1917, and did not extend to liability for attorney fees accruing in connection therewith, as created subsequent to June 30, 1919, then its reimbursement of the former partners for these expenditures was voluntary and accordingly not an expense ordinary and necessary in carrying on business. It would follow that it was not deductible under section 234 (a) (1) of the Revenue Act of 1926. Cf. *Sigmund Spitzer*, 23 B. T. A. 776; *National Piano Mfg. Co.* v. *Burnet*, 50 Fed. (2d) 310; *Whitney & Son, Inc.*, 20 B. T. A. 380.

Conversely, if petitioner was liable to Rademan and Fowler for the $20,000 in fees paid by them, such liability was one assumed as a part of the consideration for the acquisition of the property of the second partnership and we can see no difference between this and any other item of the capital cost of any such property to petitioner. The fact that the legal fees in question accrued subsequent to the acquisition of the assets is of no significance when the obligation to assume them, if and when they accrued, was one assumed under the contract, and as a part of the consideration for the property received. If petitioner was liable to Rademan and Fowler for a deficiency in tax for 1917, recovered from them, the payment of such liability would not entitle it to a corresponding deduction as an expense of doing business. In the case of *F. Tinker & Sons Co.*, 1 B. T. A. 799, often cited with approval by us in later cases, we said: " The liquidation of a liability of known or unknown amount assumed by a corporation as a part consideration for the purchase of assets is not an ordinary and necessary expense of doing business. It is a capital transaction. It is not a legal deduction from gross income."

It makes no difference as to petitioner, that the liability of Rademan and Fowler for attorney fees might, as to them, represent a deductible expense. As to petitioner, the reimbursement of that expense by it to Rademan and Fowler is merely the payment of some-

thing it agreed to pay in part consideration for the assets acquired and, accordingly, constitutes a capital expenditure.

*Judgment will be entered for the respondent.*